IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE C. TYLER
P.O. Box 2995
Annapolis, MD 21401
Plaintiff

vs

MARYLAND JUDICIARY
187 Harry S. Truman Parkway
Annapolis, Maryland 21401
Defendant,

CIRCUIT COURT FOR MONTGOMERY
COUNTY, MARYLAND
50 Maryland Avenue
Rockville, MD 20850
Defendant

USDC - GREENBELT
'26 MAR 9 PM 1:50

Civil Action No.: BAH 26 CV 00997

**JURY DEMAND**

..................................................................................................................

## COMPLAINT

### I. NATURE OF THE ACTION

1. Plaintiff Jermaine C. Tyler brings this civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., arising from Defendants' refusal to hire him for a publicly posted Law Clerk position for the Circuit Court for Montgomery County, Maryland.

2. Plaintiff alleges that Defendants refused to hire him because of his race and sex, and in retaliation for prior protected Equal Employment Opportunity activity and related protected complaints opposing discrimination within the Maryland Judiciary.

3. This action challenges an employment decision only. Plaintiff does not seek review, reversal, stay, modification, or collateral attack of any child-custody, child-support, or other state-court judicial ruling.

4. Any references in this pleading to unrelated state-court proceedings are included solely as background relevant to knowledge, motive, and retaliatory animus concerning the challenged hiring decision, and not as independent claims for relief.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6. Plaintiff brings this action under Title VII's anti-discrimination and anti-retaliation provisions. At the pleading stage, Plaintiff is required to allege facts that plausibly support an inference of discrimination and retaliation; Plaintiff need not prove the merits in the complaint itself.

7. Venue is proper in this District because the unlawful employment practices alleged herein occurred in Maryland and the relevant employment records and decisionmakers are located in this District.

## III. PARTIES

8. Plaintiff Jermaine C. Tyler is an adult citizen and resident of the United States.

9. Defendant Maryland Judiciary is the judicial branch of the State of Maryland and, upon information and belief, is the state judicial employer responsible for the employment policies, hiring structure, and publicly posted law-clerk positions within the Maryland court system.

10. Defendant Circuit Court for Montgomery County, Maryland is part of the Maryland Judiciary and was the court location for the law-clerk vacancy at issue.

11. At all relevant times, the Judge Bibi Berry was the selecting official for the law-clerk position at issue. Judge Berry is identified in this pleading only as the selecting official involved in the challenged hiring decision, and not as a separate Title VII individual-capacity defendant.

## IV. ADMINISTRATIVE EXHAUSTION

12. Plaintiff timely filed an administrative charge of discrimination with the Equal Employment Opportunity Commission concerning the non-selection at issue, assigned Charge No. 531-2024-05226.

13. During the EEOC process, Plaintiff notified the assigned EEOC investigator that corrections were needed to the charge narrative, continued pursuing the charge, and clarified the allegations before the administrative process concluded.

14. On December 9, 2025, Plaintiff received a Notice of Right to Sue.

15. This action is timely filed within the period allowed after Plaintiff's receipt of that Notice.

## V. FACTUAL ALLEGATIONS

16. On or about July 15, 2024, Defendants publicly posted a vacancy announcement for a Law Clerk position for the Honorable Bibi Berry.

17. The posting stated that the position was immediate hire and that applications were due by August 2, 2024, at 4:30 p.m.

18. The posting directed applicants to submit applications to Shawnnetta.Williams@mdcourts.gov.

19. The vacancy announcement further stated that the Maryland Judiciary is a drug-free workplace and an equal opportunity employer, and it directed applicants needing disability accommodations to contact ADA@mdcourts.gov.

20. Plaintiff timely submitted his application materials through the official application channel identified in the posting and before the stated deadline.

21. Plaintiff met the stated qualifications for the law-clerk position.

22. Before the hiring decision, Judge Berry knew Plaintiff's race and sex.

23. Before the hiring decision, Judge Berry also knew that Plaintiff had previously engaged in protected EEO activity.

24. Before the hiring decision, Judge Berry also knew of Plaintiff's prior disability-related accommodation issues and related protected complaints.

25. These prior interactions are alleged solely as background relevant to knowledge, motive, and retaliatory animus concerning the challenged hiring decision, and not as independent claims for relief in this action.

26. As additional background relevant to retaliatory motive and knowledge, Plaintiff previously appeared in unrelated proceedings within the Maryland state court system where he raised repeated concerns regarding conflict of interests, procedural irregularities, alleged fraudulent financial submissions, and failures to follow established Maryland procedures governing child-support calculations and required worksheets. Plaintiff sought recusal of the presiding judges, repeatedly moved to correct the record, and pursued appellate clarification of these procedural issues through Maryland's appellate courts. However, the Maryland state court system failed to correct the Plaintiff" concerns. Plaintiff references these events solely as contextual background demonstrating the environment of hostility and retaliatory animus known to decisionmakers within the Maryland Judiciary before the challenged hiring decision occurred. Plaintiff does not seek review, reversal, or modification of any state-court ruling in this action.

27. Plaintiff was not selected for the position.

28. Plaintiff later received a communication stating, in substance, that the vacancy had been filled and that no application had been received from him.

29. That assertion was false because Plaintiff had in fact submitted his application before the deadline through the designated email channel.

30. Plaintiff promptly disputed the statement that he had not applied and asserted that his application had been properly submitted.

31. During the EEOC proceeding, Defendants asserted that Plaintiff had not properly applied.

32. Defendants' assertion that Plaintiff did not apply was false and pretextual.

33. Plaintiff was qualified for the position and, absent discrimination and retaliation, would have been considered for selection.

34. Defendants' refusal to hire Plaintiff caused him loss of employment opportunity, emotional distress, humiliation, embarrassment, and other compensable injury.

## VI. ALLEGATIONS ADDRESSING ANTICIPATED DEFENSES

35. Plaintiff anticipates that Defendants may invoke the personal-staff, policymaking, or immediate-adviser exclusions under Title VII.

36. At minimum, the applicability of any personal-staff, policymaking, or immediate-adviser exclusion presents a fact-intensive issue not appropriately resolved on a motion to dismiss where Plaintiff has alleged a public posting, institutional recruitment process, formal application criteria, and a state-judiciary hiring structure.

37. The non-selection occurred under circumstances supporting an inference of discrimination and retaliation because the selecting official knew Plaintiff's protected characteristics and prior protected EEO activity before the hiring decision.

38. Upon information and belief, Defendants' refusal to hire Plaintiff was motivated in substantial part by Plaintiff's prior protected Equal Employment Opportunity activity and related complaints opposing discrimination within the Maryland Judiciary, and the stated explanation that Plaintiff 'did not apply' for the position was knowingly false and used as a pretext to conceal retaliatory motive.

39. The refusal to hire Plaintiff occurred after Defendants and the selecting official became aware of Plaintiff's protected Equal Employment Opportunity activity and related complaints opposing discrimination within the Maryland Judiciary. The temporal sequence of these events, combined with Defendants' false assertion that Plaintiff had not applied despite documentary proof of his timely application submission, supports a reasonable inference of retaliatory motive at the pleading stage.

40. Plaintiff demands a jury trial on all triable issues and alleges facts sufficient to require factual disputes concerning motive, pretext, application status, and the nature of the position to be resolved through the ordinary adversarial process rather than by premature merits determination on the pleadings.

## COUNT I

TITLE VII – DISCRIMINATION (RACE AND SEX NON-SELECTION)

41. Plaintiff incorporates by reference Paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a member of protected classes, including Black and male.

43. Plaintiff applied for the publicly posted law-clerk position at issue.

44. Plaintiff was qualified for the position.

45. Defendants did not hire Plaintiff.

46. The non-selection occurred under circumstances giving rise to an inference of unlawful discrimination because the selecting official knew Plaintiff's race and sex and nevertheless refused to hire him while relying on a false application-status explanation.

47. Defendants' stated reason that Plaintiff did not apply was false and was used as a pretext for unlawful discrimination.

48. By reason of the foregoing, Defendants violated Title VII, 42 U.S.C. § 2000e-2.

**COUNT II**

TITLE VII – RETALIATION

49. Plaintiff incorporates by reference Paragraphs 1 through 48 as though fully set forth herein.

50. Before the challenged hiring decision, Plaintiff engaged in protected activity under Title VII, including prior EEO activity and protected complaints opposing discrimination.

51. The selecting official knew of Plaintiff's protected activity before the refusal to hire him.

52. Defendants thereafter refused to hire Plaintiff.

53. The refusal to hire Plaintiff was a materially adverse employment action.

54. Plaintiff's protected activity was a motivating factor in the refusal to hire him.

55. Defendants' stated reason that Plaintiff did not apply for the position is false and serves as a pretext to conceal retaliatory motive.

56. By reason of the foregoing, Defendants violated Title VII, 42 U.S.C. § 2000e-3.

**PRAYER FOR RELIEF**

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Declare that Defendants violated Title VII;

C. Award all appropriate equitable relief, including instatement, hiring, or other prospective relief if warranted;

D. Award back pay, front pay where appropriate, compensatory damages as allowed by law, prejudgment interest, and all other make-whole relief available;

E. Award costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Jermaine Tyler, Pro Se Plaintiff
P.O. Box 2995, ACP 20027
Annapolis, MD 21404
jermainetyl@gmail.com
(240) 472-1050
Date: March 09, 2026